GOLDEN v. BINGHAM ET AL.

LIQUOR LAW.—*Act of 1873, Section 5.*—*Judgment of Conviction and Forfeiture of License.*—*Limitation.*—The fact that a person holding a license under the act of February 27th, 1873, Acts 1873, p. 151, regulating the sale of intoxicating liquors, had been duly convicted of a violation of any of its provisions, of itself worked a forfeiture of his license, without the aid of any supplemental or other judgment declaring such forfeiture, and rendered him ineligible to receive another license under such act for the period of five years from the date of such conviction.

SAME.—*Repeal of Statute.*—*Act of 1875.*—*License.*—*Unfitness.*—The fact that such licensee had been so convicted is not ground for refusing him a license under the provisions of the act of March 17th, 1875, 1 R. S. 1876, p. 869, on the same subject, as the limitation imposed upon him by section 5 of the act of 1873 is not recognized by the act of 1875.

From the Elkhart Circuit Court.

*R. M. Johnson, J. D. Osborn, J. G. Ferrall* and —— *Drake,* for appellant.

*J. H. Baker* and *J. A. S. Mitchell*, for appellees.

NIBLACK, C. J.—The appellant, Elza Golden, applied to the board of commissioners of the county of La Grange, under the act of March 17th, 1875, for a license to sell intoxicating liquors.

A license being refused, an appeal was taken to the La Grange Circuit Court, from which the venue was changed to the court below. In the latter court the appellees, William B. Bingham and others, filed a remonstrance, alleging certain facts tending to show the appellant's unfitness to receive a license under the act above referred to.

Issue being joined, the cause was, at the September term, 1875, submitted to the court for trial, and for a special finding upon the matters at issue between the parties.

The court found, that, on the 4th day of December, 1873, a permit was granted to the appellant, under the act of February 27th, 1873, to sell intoxicating liquors for one year; that, on the 6th day of May, 1874, the appellant was convicted in the Elkhart Circuit Court of a violation of one of the provisions of said last named act, in having sold intoxicating liquors to a minor, and that, by a certain supplemental proceeding had in said Elkhart Circuit Court, at its September term, 1874, his permit was declared forfeited, and he adjudged ineligible to receive another permit to sell intoxicating liquors for the period of five years.

All the other issues were, by agreement of the parties, found in favor of the appellant.

The court thereupon further found, as a conclusion of law, that the above named judgment of ineligibility to receive another permit for the period of five years was a bar to the appellant's application for a license in this case.

We are unable to reach any conclusion which will sus-

tain this decision of the court, upon the facts as found by it.

The proceedings which resulted in the judgment of forfeiture and ineligibility, above recited, were founded upon the latter clause of section 5 of the act of February 27th, 1873, which was as follows: "Should any person holding a permit be convicted of a violation of any of the provisions of this act, such conviction shall work a forfeiture of his permit, and of all rights thereunder; and no permit shall thereafter be granted to such person before the expiration of five years from the date of such conviction."

It may well be questioned whether this judgment of forfeiture and ineligibility added any thing to the force and effect of the appellant's conviction, referred to in the special finding. As has been seen, by the clause above quoted, the appellant's conviction *worked* a forfeiture of his permit, and his alleged ineligibility was made to follow as a legal consequence by a provision that no permit should thereafter be granted to him under such circumstances, until after the expiration of five years. His ineligibility was thus made operative by a simple limitation upon the power of the proper tribunal to grant him another permit for a limited period of time, without the aid of any supplemental or other judgment specially imposing a disability by reason of such conviction. When, therefore, the power of such tribunal to grant permits was taken away altogether, all limitations and disabilities in derogation of such power were necessarily abrogated and annulled.

In legal effect the ineligibility imposed upon the appellant was, that another permit could not be granted to him for a certain period, under the act of February 27th, 1873, and, when that act was repealed, such ineligibility ceased to have any practical application, and fell with the repeal of that act.

Then again, the disability imposed upon the appellant,

under the act of 1873, is not recognized by the act of 1875. The only disabilities recognized by the latter act are unfitness to be entrusted with the sale of intoxicating liquor, and the habit of becoming intoxicated. With those exceptions, any male inhabitant, over twenty-one years of age, is entitled to apply for and obtain a license under said act.

In our opinion, the court below ought to have considered the application in this case in the same manner as if there had been no previous legislation on the subject of the sale of intoxicating liquors, and with sole reference to the provisions of the act under which the application was made.

We think the court erred in refusing to grant a license to the appellant, upon the facts as found by it.

The judgment is reversed, at the costs of the appellees, and the cause remanded, with instructions to the court below to render judgment upon its finding, in favor of the appellant.