No. 9139.

### HILL *v.* PERRY ET AL.

VERDICT.—*Special Finding.*—A motion for judgment, upon the special findings of the jury, *non obstante veredicto,* can not be sustained, where no fact is found inconsistent with the general verdict.

SAME. — *Liquor Law.* — *Application for License.* — *Remonstrance.*—*Interrogatories.*—Where an application is made to obtain a license to retail intoxicating liquor, to which a remonstrance is filed on account of the alleged immorality and other unfitness of the applicant, and upon such issue the jury return a general verdict for the remonstrators, with answers to interrogatories that the applicant is a resident of the State, is of proper age and not in the habit of becoming intoxicated, such facts so found are not inconsistent with the general verdict, as that in effect finds that the applicant is an immoral man and unfit to be entrusted with a license.

SAME.—*Burden of Proof.*—*Open and Close.*—In such proceeding, the burden of the issue is upon the applicant, and the refusal of the court to award him the opening and close of the argument is such error as will reverse the judgment against him.

From the Bartholomew Circuit Court.

*J. B. Brown,* for appellant.

*F. T. Hord* and *W. B. Hord,* for appellees.

BEST, C.—Application of appellant, under the act of March 17th, 1875, to obtain license to sell intoxicating liquors. A remonstrance by John L. Perry and sixty other persons was filed against the application. The application was heard and denied by the county commissioners. The applicant appealed

to the circuit court, the case was tried by a jury, a verdict, with answers to interrogatories, was returned against him, a motion for judgment upon the answers to interrogatories, notwithstanding the general verdict, and a motion for a new trial, were overruled, the license refused and the application dismissed.

The errors assigned are that the court erred in refusing to render judgment upon the answers of the jury to the interrogatories, and in overruling the motion for a new trial.

The statute provides that when an application is made for a license to retail intoxicating liquors, "it shall be the privilege of any voter of said township to remonstrate, in writing, against the granting of such license to any applicant, on account of immorality or other unfitness, as is specified in this act." Acts 1875, Spec. Sess., page 56.

Under this section of the statute, the remonstrators filed a remonstrance in writing, alleging that the appellant is an immoral man; that he sells intoxicating liquors to minors and to persons in a state of intoxication; that he sells intoxicating liquors on Sunday, keeps a gambling house, and keeps his house, where intoxicating liquors are sold, in a disorderly manner.

Upon the issues thus formed, the jury returned the following verdict and answers to interrogatories:

"We, the jury, find for the remonstrators, and that the applicant, Finley P. Hill, is not entitled to said license.

"WM. PHELPS, Foreman."

"The jury will answer each of the following interrogatories, and have the foreman sign each separately:

"1st. Did Finley P. Hill keep a saloon where intoxicating liquors were sold in the months of July, August and September, 1879, in Jonesville, Bartholomew county, Indiana, in a disorderly manner?

"Ans. He did.

"2d. Did Finley P. Hill sell intoxicating liquors at Jonesville, Bartholomew county, Indiana, for himself and in his

own name, in less quantities than a quart at a time, to be drank on the premises, without a license?

"Ans. Yes.

" 3d. Did Finley P. Hill himself, and for himself, sell or give intoxicating liquors to a minor or minors?

"Ans. Yes.

" 4th. Did Finley P. Hill himself have the right to prevent, and yet permit, persons to engage in games at cards, or pool, upon wager of a valuable consideration, upon premises over which he had control?

"Ans. Yes.            WM. PHELPS, Foreman."

" The jury will answer each of the following interrogatories, and the foreman will sign each separately:

" 1st. Is the applicant, Finley P. Hill, a man of good moral character?

"Ans. Not sufficient to be intrusted with a license to sell intoxicating liquors.

" 2d. Is the applicant, Finley P. Hill, in the habit of becoming intoxicated?

"Ans. No.

" 3d. Is the applicant a male inhabitant of the State of Indiana, over the age of twenty-one years?

"Ans. Yes.            WM. PHELPS, Foreman."

Waiving the question whether or not these interrogatories and the answers thereto are properly a part of the record, we think, thus considered, that the court did not err in overruling the motion of appellant for a judgment thereon in his favor. The general verdict found, in effect, that the appellant was an immoral man, and not fit to be trusted with a license to retail intoxicating liquors, for the reasons alleged in the remonstrance. The answers to the interrogatories establish no fact inconsistent with this finding. The only facts found in favor of the appellant are, that he was an inhabitant of the State, over twenty-one years of age, and was not in the habit of becoming intoxicated. These facts did not entitle him to a license, if he was an immoral man, and was unfit to be

trusted with such license. Again, the application was made in September, 1879, and the trial did not occur till February, 1880. The issues involved the fitness of the applicant at the time the application was made, and the answers to the interrogatories do not show that the applicant was over twenty-one years of age, or a resident of the State at that time. If not, he was not entitled to a license. The facts found are not inconsistent with the general verdict, and, therefore, there was no error in overruling the motion for judgment, notwithstanding the general verdict.

The motion for a new trial embraced a great many reasons, and among others it is insisted that the court erred in awarding the open and close of the argument to the appellees.

The record discloses the fact that this was done. The party upon whom the burthen of the issues rests is entitled to open and close the argument. *Rothrock* v. *Perkinson*, 61 Ind. 39 ; *Hyatt* v. *Clements*, 65 Ind. 12.

In a proceeding to obtain a license to retail intoxicating liquors, the burthen of the issue is upon the applicant, as was decided in *Goodwin* v. *Smith*, 72 Ind. 113.

The refusal of the court to allow the appellant to open and close the argument before the jury, was such error as must reverse the case.

We can not, as is suggested by the appellees, say that this error did not injure the appellant. There are some other reasons urged for a new trial, but we do not deem it necessary to examine them. For the error in awarding the open and close in the argument to the appellees, the judgment should be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things reversed, at the appellees' costs, with instructions to grant a new trial.