Groscop *v.* Rainier *et al.*

Filed June 28, 1887.

---

No. 12,735.

## GROSCOP *v.* RAINIER ET AL.

INTOXICATING LIQUOR.— *Remonstrance.— Immorality.*— Immorality on the part of the applicant, which may be made the basis of a remonstrance against the granting of a license to retail intoxicating liquors, under the act of March 17th, 1875, is not limited to such immorality as is specified in that act.

SAME.— *Common Gambler.*—Frequenting places where gambling is permitted is, under section 2085, R. S. 1881, a public offence, and is such an immorality as unfits an applicant to be intrusted with the sale of intoxicating liquors.

SAME.— *Qualification of Remonstrants.— Waiver of Objections to.—Estoppel.*— Where the board of commissioners, without objection on the part of the applicant, entertains and acts upon a remonstrance, and hears and determines the questions thereby presented, and on appeal the circuit court does likewise, also without objection, all objections to the remonstrants are waived by the applicant, and the latter is estopped to deny that they are legal voters of the township.

INTERROGATORIES TO JURY.— *Withdrawal.- -Practice.*—To constitute available error in permitting a party to withdraw from the jury, over the objection of the adverse party, interrogatories propounded by him, it must be shown that such interrogatories were pertinent and material.

From the DeKalb Circuit Court.

*P. V. Hoffman* and *D. D. Moody,* for appellant.

HOWK, J.—At the March term, 1885, of the board of commissioners of DeKalb county, appellant Groscop presented his application to such board for license to sell intoxicating liquors in less quantities than a quart at a time, at his place of business, particularly described, in the town of Auburn, in such county, to be drank upon the premises where sold. At the same term appellees Rainier and others filed before such board a written remonstrance against such application. Upon a trial then had, the county board granted appellant's application, and ordered that such license be issued to him for the term of one year. From this order of the county board the remonstrants appealed to the court below. There the cause was tried by a jury, and a general verdict was returned for the remonstrants. With their general verdict the jury also returned into court their special findings on particular questions of fact, submitted to them by the appellant under the direction of the court. Over appellant's motions for judgment in his favor on the special findings of the jury, notwithstanding their general verdict, and for a new trial, the court rendered judgment for appellees, remon-

strants below, upon and in accordance with the general verdict.

Errors are assigned here by appellant which call in question (1) the overruling of his motion for judgment in his favor on the special findings of the jury, notwithstanding their general verdict, and (2) the overruling of his motion for a new trial.

The facts found specially by the jury, in answer to the questions submitted to them, were substantially as follows: William Groscop, applicant herein, is a male inhabitant of Union township, DeKalb county, Indiana, and is over twenty-one years of age. Prior to his application for license William Groscop did not follow gambling as an occupation or livelihood, nor did he, prior to such application, keep a gambling house. Such applicant was not a person in the habit of becoming intoxicated. Such applicant, by frequenting places of gambling, is an immoral man, and such immorality unfits him for the sale of intoxicating liquors, under the laws of this State. Such applicant is not a fit person to be trusted with the sale of intoxicating liquors, under the laws of this State.

In the last sentence of section 5314, R. S. 1881, in force since March 17th, 1875, it is provided as follows: "And it shall be the privilege of any voter of said township to remonstrate, in writing, against the granting of such license to any applicant, on account of immorality or other unfitness, as is specified in this act." It is vigorously insisted by appellant's counsel that where, as in this case, the remonstrance against an application for license is "on account of immorality" of the applicant, it must be shown that the "immorality" is such "as is specified in this act" of March 17th, 1875, "to regulate and license the sale of spiritous, vinous and malt and other intoxicating liquors," etc., or it will not defeat the application nor deprive the applicant of his license. In other words, counsel claim that the phrase, "as is specified in this act," in the sentence above quoted of the statute,

qualifies and limits the meaning of the word "immorality," there found, to such immorality only as is specified in the aforesaid act of March 17th, 1875.

In the case in hand the jury found specially, in effect, that appellant was an immoral man, *only* in the respect of his "frequenting places of gambling." It was clearly an immorality on the part of appellant to frequent places of gambling; for, under section 2085, R. S. 1881, whoever "frequents any place where gambling is permitted," is pronounced a "common gambler," and, upon conviction thereof, is liable to fine and imprisonment. "Frequenting places of gambling," however, is not an immorality "specified in this act" of March 17th, 1875, and, therefore, it is earnestly contended on behalf of appellant that this immorality ought not, under the statute, to have defeated his application herein for license.

Counsel say: "We think the Legislature meant that any deliberate violation of the liquor law would be immorality, 'as is specified in this act,' and ought *per se* to disqualify the applicant. When the Legislature enacted the statute it saw fit to say that a person in the habit of becoming intoxicated should not sell, and also declared that the licensee should not sell to minors, drunkards, nor a drunken person, nor on Sunday, election day, or holidays, nor from 11 o'clock P. M. to 5 o'clock A. M.; that he should not adulterate liquor, and should keep an orderly and peaceable house."

It is claimed by appellant's counsel that a deliberate violator of the liquor law in any particular is guilty of immorality, as "specified in this act," and ought not to be intrusted with a license to sell intoxicating liquor. We agree with counsel that a deliberate violator of the provisions of the liquor law ought not to be entrusted with a license to sell intoxicating liquors, not so much on the score of immorality, however, as because such an applicant is not, in the language of the first proviso in section 5315, R. S. 1881, "a fit person to be intrusted with the sale of intoxicating liquor."

In *Calder* v. *Sheppard*, 61 Ind. 219, it was, in effect, held

by this court that the "habit of becoming intoxicated," or habitual drunkenness, was the only kind of immorality specified in the aforesaid act, and that such habit was, therefore, the only species of immorality which could be made the foundation of a remonstrance. It can hardly be said, we think, that the "habit of becoming intoxicated" is specified in the act as an immorality, but it is specified rather as an "unfitness," which would wholly prevent an applicant, who was in all other respects a "fit person," from receiving a license to sell intoxicating liquors. Thus, the first proviso of section 5315, *supra*, reads as follows : "*Provided*, Said applicant be a fit person to be intrusted with the sale of intoxicating liquor, and if he be not in the habit of becoming intoxicated; but in no case shall a license be granted to a person in the habit of becoming intoxicated." Fairly interpreted, this proviso means that in no event shall an applicant for license, who is in the habit of becoming intoxicated, be regarded as "a fit person to be intrusted with the sale of intoxicating liquor."

We are of opinion that it is a mistaken construction of the last sentence of section 5314, *supra*, heretofore quoted in this opinion, to say that the concluding phrase therein, "as is specified in this act," qualifies or limits the meaning of the word "immorality," found in that sentence, to such immorality only as is specified in the act referred to. Such qualification or limitation of the meaning of the word "immorality," as found in such sentence, is not required by, but, we think, is opposed to the proper grammatical construction of the language used. The phrase, "as is specified in this act," certainly qualifies and limits the word "unfitness," which it immediately follows ; and "unfitness" is not coupled with, but, by a disjunctive conjunction, is separated from the word "immorality" in the sentence quoted. If it had been intended to qualify and limit both words, we may well suppose that they would have been united by a copulative conjunction, followed by the phrase, "as *are* specified in this act."

In *Grummon* v. *Holmes*, 76 Ind. 585, it was held by this court that other kinds of immorality than the habit of becoming intoxicated may be made the ground of a remonstrance against an applicant for license to sell intoxicating liquors, under the provisions of section 5314, *supra*, when properly stated in such remonstrance; and the case of *Calder* v. *Sheppard*, *supra*, in so far as it declared a contrary doctrine, was overruled by the court. In the case under consideration it is very clear, we think, that the trial court did not err in overruling appellant's motion for judgment in his favor on the special findings of the jury, notwithstanding their general verdict.

Under the alleged error of the court in overruling appellant's motion for a new trial, his counsel first insist that the general verdict of the jury was not sustained by sufficient evidence. As we have seen, it is provided in section 5314, *supra*, that "it shall be the privilege of any voter of the township to remonstrate," etc. The appellees commenced their remonstrance herein, filed before the board of commissioners of DeKalb county, as follows: "We, the undersigned, voters of Union township, DeKalb county, State of Indiana, remonstrate," etc.

Appellant's counsel make the point that no evidence was given on the trial to show that the remonstrants were such voters. Counsel say: "Without the averment that the remonstrants were voters, their remonstrance would not have been good, and this being a material averment it was necessary to prove it." We are of opinion, however, that this question as to whether or not the appellees were such persons as were authorized, under the statute, to remonstrate against appellant's application for license, was a preliminary question, to be determined *in limine* by the county board. Where it appears, as in the case now before us, that the board of commissioners, without objection on the part of the applicant, entertained and acted upon the remonstrance filed, and heard and determined the questions thereby presented, and that, on

Groscop *v.* Rainier *et al.*

appeal, the circuit court of the county did the like, under like circumstances, it must be held, we think, that such applicant has waived all objections to the appellees as remonstrants, and is estopped to deny that they were, as they claimed to be, legal voters of the proper township. This is in harmony with numerous decisions of this court, to the effect that, on an appeal from the board of commissioners to the circuit court of the county, nothing can be tried except what appears to have been in issue before such board. *Green* v. *Elliott*, 86 Ind. 53; *Forsythe* v. *Kreuter*, 100 Ind. 27; *Osborn* v. *Sutton*, 108 Ind. 443.

Appellant's counsel also insist that the trial court erred in refusing to modify its oral instructions, when the jury were recalled into court for further instructions. In their remonstrance appellees had charged appellant with immorality, in that he was a common gambler, that he was, and for the six months then last past, had been the proprietor and keeper of a building and room to be used and occupied for gaming, and knowingly permitted the same to be used and occupied for gaming, and that he was in the habit of frequenting places where gaming was permitted to be carried on. When the jury were recalled for further instructions, the trial court directed their attention to the specific charges of immorality in the remonstrance, and correctly instructed them that they were not to consider the immorality of the appellant in any other respect or particular except those specified in the remonstrance. No complaint is made here of this oral instruction as given, but only of the court's refusal to modify the same, as follows:

" That, even though the jury might find that the applicant was guilty of being a common gambler, or of having kept a gambling house, still, such facts would not, of themselves, be an absolute disqualification of the applicant for a license; but it was a question for the jury to say whether or not such violations of law, if they existed, were sufficient to disqualify the applicant for a license."

We are clearly of the opinion that the court committed no error in refusing to give the jury this modification, as requested by appellant, of its oral instruction. Appellees charged the applicant with immorality, in that he frequented places were gaming was permitted to be carried on ; and the jury found specially that "such applicant, by frequenting places of gambling, is an immoral man." From the fact thus found, it is not a question for the jury to say, but the law concludes inevitably that such immorality unfits the applicant to be intrusted with the sale of intoxicating liquor.

We have already said, and we say again, "It was clearly an immorality on the part of appellant to frequent places of gambling; for, under section 2085, R. S. 1881, whoever 'frequents any place where gambling is permitted,' is pronounced a 'common gambler,' and, upon conviction thereof, is liable to fine and imprisonment." It is a public offence to be a "common gambler," and to be guilty of a public offence is an immorality within the meaning of the word, as used in the law regulating and licensing the sale of intoxicating liquors.

Finally, appellant's counsel claim that the trial court erred in permitting appellees to withdraw certain interrogatories propounded by them to the jury trying the cause, "over the objections and exceptions of the applicant." What were the grounds of appellant's objections to the withdrawal of these interrogatories from the jury the record of this cause fails to disclose.

In *Summers* v. *Greathouse*, 87 Ind. 205, it was held, substantially, that it would be error to withdraw from the jury pertinent and material interrogatories, which have been submitted to them at the request of the parties. In the case in hand the interrogatories, which the trial court permitted appellees to withdraw from the jury, are not in the record now before us, and we do not and can not know from the record that such interrogatories were pertinent and material ; indeed, as all reasonable presumptions must be indulged here

in aid of the action of the trial court, we must presume, in the absence of any showing to the contrary, that the court allowed appellees to withdraw their interrogatories because they were impertinent and immaterial, and that the ruling of the court complained of was not erroneous. *Myers* v. *Murphy,* 60 Ind. 282; *Foster* v. *Ward,* 75 Ind. 594; *Frank* v. *Grimes,* 105 Ind. 346.

We have found no error in the record of this cause which authorizes or requires the reversal of the judgment.

The judgment is affirmed, with costs.

