H. E. SWAN AND W. F. THORNE V. PETER WILDERSON, JOHN L. ROBERTSON AND HENRY OVERHOLSER.

(Filed Sept. 27, 1900.)

1. MANDAMUS—*Lies When.* Where an applicant files his petition for license to sell intoxicating liquors, and certain persons file their remonstrance against the issuance of such license, and the board dismisses the remonstrance and grants the license, and the remonstrants duly appeal from such order to the district court, such remonstants have such special interest as will enable them to prosecute an action in mandamus to compel the county board to revoke a license issued within the time allowed for perfecting such appeal.

2. MANDAMUS—*Defendants.* The holder of the license is neither a necessary or proper party defendant in such mandamus action.

3. MANDAMUS—*Appeal, Effect of.* The fact that an appeal has been taken to the district court from the order of the county board granting a liquor license will not prevent a writ of mandamus from issuing on a proper application directing the board to revoke such license pending appeal.

4. COUNTY COMMISSIONERS—*Powers—Acts—Void, When.* By the Statutes of this Territory the board of county commissioners is prohibited from convening and transacting business before nine o'clock a. m. of any day, and where such board holds a session before eight o'clock a. m. and transacts business, the proceedings are void as to all such acts in matters where there are adverse parties to be affected thereby, and the board is acting in other than purely a corporate capacity.

5. DUTY—*Delay Constitutes Refusal to Perform, When.* Where an imperative duty is imposed upon a public officer or inferior tribunal, and such officer or tribunal fails for an unreasonable time to perform such duty, such failure will be treated as a refusal to perform the same.

6. REMONSTRANCE—*Duty of County Commissioners When Filed.* Where a remonstrance is duly filed objecting to the issuance of a liquor license, the board of county commissioners are bound to hear the evidence and determine the issues presented by the petition and remonstrance.

7. REMONSTRANCE—*Overruled—License Issues, When.* Where a remonstrance is overruled and license ordered to issue, and the remonstrants give notice of appeal to the district court, the license should. be withheld for the statutory time for perfecting such appeal, and if appeal is perfected in time, no license can properly issue until the determination of such appeal.

8. MANDAMUS—*Proper Remedy, When.* If a remonstrance is filed against the issuance of a liquor license, and the board of county commissioners overrule the remonstrance and grant the license, and an appeal is perfected from such order within the time allowed by statute, any license which has issued should be recalled by the county board and revoked; and if the board fails or refuses to revoke such license pending such appeal, any remonstrator may prosecute his action in mandamus to compel the county board to convene and revoke such license.

9. SAME. Mandamus is the proper remedy to compel the county board to revoke a liquor license which has been improperly issued or which becomes revokable after the issuance.

(Syllabus by the Court.)

*Original Proceeding in Mandamus.*

*J. L. Brown,* for plaintiff in error.

*Hays & McMechan* and *Keaton & Kearful,* for defendants in error.

Opinion of the court by

BURFORD, C. J.: This is an original proceeding in this court, to compel the defendants, who are the individual members of the board of county commissioners of Oklahoma county, to revoke a liquor license issued to James Marrinan, pending an appeal to the district court, by remonstrants from the order of said board granting said license.

It appears from the recitals in the alternative writ that the defendants compose the board of county commissioners of Oklahoma county; that one James Marrinan filed

his application with the clerk of Oklahoma county for a license to sell intoxicating liquors in Oklahoma City; that within fourteen days from the filing of said petition the plaintiffs and others filed in the office of said county clerk a remonstrance against the issuance of said license, and that the county clerk set said application and remonstrance for hearing on the 2nd day of July, 1900. That on the morning of July 2nd, at about 8:20 o'clock a. m., the remonstrants appeared at the place where the board of county commissioners held its sessions, and were there informed that the board had convened prior to that hour, dismissed the remonstrance, ordered the license to issue, and adjourned the session, and that no evidence was offered or heard; that the remonstrants gave notice of appeal, and within the time prescribed by law duly perfected their appeal to the district court, where said cause is now pending undisposed of. The alternative writ directed the board of county commissioners to convene and revoke said license, or appear and show cause why they should not do so. To the alternative writ the defendants appeared and filed their motion to quash the writ.

The first ground relied upon in the motion is that the plaintiffs have no such interest in the subject matter as will authorize them to prosecute this proceeding, and it is contended that the action being one affecting the general public, that it should be prosecuted by the Territory on relation of the attorney general or the county attorney. We are cited a number of decisions of the supreme court of Kansas to the effect that when an individual applies for a writ of *mandamus* he must show some interest, special and peculiar to himself, and different from that shared by him with the community in general. We are

not disposed to question this principle of law, but in our view of the case the plaintiffs come within said rule.

By the provisions of the act regulating the sale of intoxicating liquors, when an applicant for license files his petition, any person may file with the county clerk his protest, objections, or remonstrance, and the clerk is then required to set a day for hearing such application and remonstrance, and the county board is required to give the parties a trial. The evidence must be reduced to writing and preserved. Before taking any testimony a bond for costs must be filed and approved, and after a trial and decision, either party, the applicant or the remonstrant, may appeal to the district court. By this proceeding the remonstrants become parties to the proceeding adverse to the petitioner. In legal effect the petitioner is the plaintiff and the remonstrants are defendants. If the remonstrants fail they become liable for such costs as they have occasioned. They thus become interested in the proceedings and in the results. They have a special interest which the general public does not share, and such an interest as entitles them to prosecute an action for a writ of *mandamus* to compel the clerk or board to perform any duty incumbent on them in such case.

The next objection urged in support of the motion to quash is that there is a defect of parties defendant; that Marrinan, the licensee is interested in the result and should be made a party defendant. This objection is without merit. The board of county commissioners are an inferior tribunal, charged by law with the duty of determining the sufficiency of an application, and the applicant's proof to entitle such applicant to a license. The law gives to any person, without limitation as to

residence or place, the right to file his written objections, protest or remonstrance. When this is done the law makes it the duty of the board to try the issues presented by the petition and remonstrance in a fair, orderly and impartial manner, and render their decision thereon. When they have so decided, either the petitioner or the remonstrants may appeal to the district court. If the county board fails to perform any duty imposed upon it by law, either the petitioner or remonstrants, who are the parties to the proceedings, may have the aid of this court to compel said board by *mandamus* to perform such duty. In any such proceeding, the action is against the officers only. No other person is a proper or necessary party defendant. There is nothing that the plaintiffs want done by Marrinan. They are seeking no relief as against him, and no order could run against him. The only purpose of the writ in this case is to compel the board to perform a plain and imperative official duty, which, by their failure, they have refused to do.

The third ground in the motion is that there is an appeal pending, and the plaintiffs have a plain and adequate remedy at law. While it is true that the writ does aver that an appeal has been taken from the action of the board of county commissioners to the district court, we are unable to see how this appeal can in any manner affect the question in this case. If, as is contended by the plaintiffs, the taking of an appeal acted as a stay of all proceedings before the county board and required the revocation of any license prematurely issued, then there is but one remedy that can be invoked to compel the board to revoke such license, and that is the remedy sought to

be obtained in this case, since the appeal cannot of itself effect a revocation of the license.

The fourth ground of the motion to quash is that the writ shows that the board has already acted in granting the license which has been issued, and that *mandamus* will not lie to correct errors. While this contention has no application to the question here presented, we think the board of commissioners are in no position to urge such a defense. The writ discloses that the case was set for hearing before the county board on the 2nd day of July, 1900. On that day the board convened before eight o'clock a. m., and in the absence of the remonstrants, dismissed their remonstrance, granted the license, and adjourned. This action was not only illegal and unauthorized, but was unwarranted and arbitrary. It evidences a purpose on the part of the board to act hastily and to ignore the rights of parties litigant.

The Statute, Session Laws 1897, sec. 4, p. 118, requires the boards of county commissioners to hold their sessions with open doors, and transact all business in the most public manner. They are required to convene each day at nine o'clock a. m. and hear all matters in open session and in public. The evident purpose of this law is to prevent secret and clandestine meetings of the board, and to fix a time for their meeting each day so that they cannot, as in this case, convene at inconveniently early hours, and dispose of public business without giving interested parties an opportunity to be present.

We have no doubt this statute was enacted to cure existing evils and prevent such action as was had in this case, as appears from the recitals in the writ. This statute is intended to be mandatory, and prohibits meet-

ings of the board at an earlier hour than nine o'clock a. m. of each day; and all proceedings of the board in causes where there are adverse parties to be affected thereby, had before nine o'clock a. m. without the knowledge of the interested parties, are without jurisdiction and void, and the board cannot urge its void acts as a defense to this action.

The fifth and last ground for the motion is that the writ does not aver a demand on the county board to revoke the license, and that a writ of *mandamus* will not issue until after a demand and refusal. As a general proposition, this statement is correct; but it is subject to a number of exceptions. Where a duty is plain and imperative, and an officer fails for an unreasonable time to perform such duty, such failure will be treated as a refusal, and no demand will be required.

The motion to quash is therefore overruled, and the defendants required to answer instanter.

In response to this rule the defendants filed an answer admitting all the recitals of the writ necessary for the determination of the case.

The questions presented by the writ and answer, and which are decisive of this case, are

First: Has the board authority to grant a license to sell liquors where a remonstrance is presented and overruled, and the remonstrants appeal from such decision to the district court?

Second: Will *mandamus* lie to compel the revocation of a liquor license, pending such appeal?

We may properly consider these two propositions together. It is a part of our legislative history, as well as apparent from the law, that our statute regulating the

license and sale of intoxicating liquors was adopted from the statutes of Nebraska. The various provisions of our liquor law have frequently been before the supreme court of Nebraska for construction, and so far as these decisions are consistent with logic and reason, we feel constrained to folow them.

In the case of *State ex rel. Horn v. Bonafield et al.* 39 N. W. 427, the supreme court of Nebraska held, that where an application was made for license to sell intoxicating liquors, to the issuance of which a remonstrance is filed, and upon a hearing a license is ordered to issue, it is the duty of the licensing authority, upon notice of appeal being given, to withhold license until the expiration of a sufficient time within which an appeal may be taken to the district court by remonstrants; and where such license is issued, and the appeal is taken, it is the duty of the board to recall such license until the appeal is decided by the district court, and in case of refusal, *mandamus* will lie to compel them.

In *State ex rel. Cox v. Hanlon et al.* 39 N. W. 780, the same court held that a license issued without giving the remonstrants a hearing, would be recalled and canceled.

In *State ex rel. Weber v. Bays et al.* 48 N. W. 270, Mr. Justice Maxwell stated the law as follows:

"Where a remonstrance against the issuance of a license to sell intoxicating drinks has been filed with the proper authorities and overruled, and an appeal taken to the district court, a license issued before such appeal is disposed of in such court should be revoked, and in a proper case, a *mandamus* will be issued to compel its revocation."

To the same effect is *Byrum et al. v. Peterson et al.* 51 N. W. 829; and *State ex rel. Cheever v. Johnson et al.* 55 N.

W. 874; and *Chamberlain v. City of Tecumseh*, 61 N. W. 632.

These decisions are reasonable and sound, and are decisive of the questions in this case. Our statute allows twenty days to appeal from the decision of the board of county commissioners. Where a remonstrance is presented and overruled, and license ordered to issue, if notice of appeal is given by remonstrants the license should be withheld for a period of twenty days to enable the remonstrants to perfect their appeal. If the appeal is taken, then no license should issue until the case is determined in the district court. In such a case it is not alone the decision of the board that entitles the applicant to a license; but such decision must be supplemented by the judgment of the judge of the district court before he is entitled to a license. If the appeal is taken before the time for perfecting appeal has expired, and the appeal is duly perfected in time, the license should be at once revoked; and in such case, if the county board refuse to revoke the license or delay for an unreasonable time in taking action, a *mandamus* will issue on petition of the remonstrants to compel the board to revoke and cancel such license.

The peremptory writ is ordered to issue, and the defendants ordered to pay all costs in this proceeding.

McAtee, J., not sitting; all of the other Justices concurring.