## H. H. WATKINS v. JULIUS GRIESER.

(Filed September 5, 1901.)

1. **LIQUOR LICENSE—Remonstrance and Application Tried, How.** Where a remonstrance is filed with the county clerk, protesting against the issuance of a liquor license, the application and petition on the one side, and the remonstrance on the other, form an issue which is to be heard and determined by the board of county commissioners in the first instance, and an issue of fact in such case can only be heard on competent evidence, under the rules governing civil trials in courts of law.

2. **SAME—Remonstrance, Burden of Proof.** In the trial of an application for liquor license, where a remonstrance has been filed, the burden is on the applicant to prove by competent evidence, all matters which it is, under the statute, incumbent on him to do or show in order to procure a license. Other causes set forth in the remonstrance, such as that the applicant has violated some provision of the liquor laws within a year, or that a previous license has been revoked, must be established by the remonstrants.

3. **SAME—Remonstrance—Averments.** An averment in the protest or remonstrance, to the effect that the applicant is not a suitable person to be entrusted with the sale of intoxicating liquors, is, in the absence of a motion to make more specific and certain sufficient to question the character and standing of the petitioner, and require proof of him to show that he is a person of respectable character and standing.

4. **SAME—Character of Applicant.** The character and standing of the applicant being a material fact to be shown in order to enable him to obtain license to retail liquors, specific acts of immorality or of criminality may be shown as matters proper for consideration in determining his character and standing.

5. **SAME—Evidence as to Violations of Statute by Applicant.** Evidence tending to show that the applicant has previously violated some of the provisions of the statute relating to dealers in intoxicating liquors, though not sufficient to convict. him of a criminal offense, is competent for the purpose of determining whether he is a fit person to be entrusted with the sale of intoxicants.

6 SAME—Whom Suitable Appplicants. It is the purpose of the law to place the sale of intoxicants in the hands of law abiding men of reputable standing and character. The privilege granted a retail dealer is in the nature of a personal trust, and an applicant who is unable to give his personal attention to the business, does not come within the intent of the law.

7. SAME—Law Does not Limit Causes of Remonstrance. The law does not limit the causes for which a protestant may remonstrate to those enumerated in the statute. There are other causes which, when properly alleged and proven, would be sufficient to defeat an applicant for license.

8. SAME—Remonstrance—Liberality. Considerable liberality should be allowed by the county board in stating reasons for remonstance, and reasonable latitude given in the hearing, in order that the facts may be fully developed, and the intent and purpose of the law observed.

9. SAME—Remonstrants, Who May be. The law does not prescribe the qualifications or residence of protestants or remonstrants, but as the statute is domestic in its application and purposes, any person who is a resident of the territory, or a non-resident who is a tax payer in the ward or township where the applicant proposes to sell liquor, is competent to protest or remonstrate against the granting of a license.

10. SAME—Granted When—Remonstrance, Trial of. On the hearing of a remonstrance against the granting of a liquor license, where it is alleged that the petition is not signed by a sufficient number of resident tax-payers, the county board are bound to hear the evidence, and cannot grant a license until it is made to appear by competent evidence that the requisite number of resident tax-payers have signed the petition. The burden is on the applicant to make such proof, and affidavits are not competent evidence on such issue. The fact must be established by record and oral testimony, so that the witness may be subjected to cross examination, and his interest, motives, knowledge and character fully inquired into.

11. SAME—Notice. The law contemplates that the applicant for license shall select the newspapers and give his notice, and make proof both as to publication of the notices and the circulation of the papers. The practice which now prevails of having the county clerk give the notices by publication is not authorized by the statute. When it is alleged in the remonstrance that the notices have not been published in the two papers published in the county and having the largest circulation therein, the burden is on the applicant to prove such fact, and no question of good or bad faith enters into the matter. He must make his own selection, publish

his notices, and take the risks, and the county board has no jurisdiction to grant a license until such proof is furnished to the satisfaction of the board.

12. SAME—Appeal. Where a license is granted over a protest and remonstrance, and the remonstrant appeals .to the district court within seasonable time, it is the duty of the county board to revoke the license pending the appear, and if they fail to do so, after the appeal is perfected the district court should direct the board to annul the license.

13. SAME—Remonstrance—Proof. The county board is peremptorily required to hear proof when a remonstrance is filed in time, and they have no power to ignore the remonstrance and grant the license without proof.

14. SAME—Denied When—Liquor Law, Construed, How. The statute of 1890, as amended by the statute of 1893 and the Session Laws of 1897 as a whole, constitute the laws of the territory relating to the traffic in intoxicating liquor, and must be taken as a whole and construed together, and a violation of any of the provisions of said law within the space of a year, will· disqualify such person from obtaining license as a liquor dealer.

(Syllabus by the Court.)

Error from the District Court of Garfield County; before John L. McAtee, Trial Judge.

W. S. Denton, for plaintiff in error.

Houstin James, for defendant in error.

Opinion of the court by

BURFORD, C. J.:    The defendant in error, Julius Grieser, made application to the board of county commissioners of Garfield county for license to sell liquors at retail in the city of Enid.    The plaintiff in error, H. H. Watkins, filed a remonstrance against the granting of such license, and the case was set for hearing before the county board.    The remonstrance is as follows:

"Comes now H. H. Watkins, and remonstrates and objects to the issuance of license to Julius Grieser to sell at retail vinous, spirituous and malt liquors, as prayed for in the petition now on file in the clerk's office; and as grounds for such remonstrance and objection states:

"First:   That the notice of said application was not published in two newspapers published in said county, having the largest circulation therein.

"Second:   That said application fails to designate the place where the sale of the proposed liquors is to take place.

"Third:   Because the applicant is not a suitable person to be entrusted with the sale of intoxicating liquors.

"Fourth:   Because the petition is not signed by the requisite number of taxpayers of the ward wherein the applicant desires to sell intoxicating liquors.

"Fifth:   Because the notice of said application was not published as by law required.

"H. H. WATKINS, Remonstrant."

On the hearing of the cause before the board of county commissioners, the applicant offered no evidence except the petition and the affidavits of the publishers of the Enid Wave and Enid Eagle, showing that he had published the notice of his application in said newspapers for the required length of time, and the affidavits of two other persons to the effect that they had examined the tax rolls of the county, and that thirty of the signers of the petition were resident taxpayers of the ward in Enid where the applicant proposed to sell liquors. The remonstrant offered evidence to show that the petitioner had during the last year been operating

a saloon at El Reno, Oklahoma, and selling liquors without a license, and that he permitted gambling devices to be kept, and gambling carried on in the room where he sold liquors. This evidence was excluded by the board of commissioners, for the reason that the remonstrance did not charge that the petitioner had violated the liquor laws in the year last past. The remonstrant then asked leave to amend his remonstrance by adding one more ground, to-wit: That the applicant had violated the liquor laws of the Territory of Oklahoma, within one year by selling intoxicating liquor without a license, and by permitting gambling to be carried on in the place where he kept liquors for sale. The board refused to allow the amendment, and ordered the license to issue.

The remonstrant then appealed the case to the district court of Garfield county, and upon the record as stated herein, the district court affirmed the action of the board of county commissioners, and directed the license to issue. Watkins now appeals to this court, and the proceedings had before the board of county commissioners are before us for review.

It is expressly provided by statute that the remonstrance or protest shall be heard and determined by the county board, and we held in *Swan v. Wilderson*, 62 Pac. 422, that "Where a remonstrance is duly filed, objecting to the issuance of a liquor license, the board of county commissioners is bound to hear the evidence and determine the issue presented by the petition and remonstrance." The proceedings provided by the statute contemplated a trial before the county board as in a civil cause, and the rules governing the introduction of evidence and the char-

acter and competency of evidence are, in case an issue is made by a protest or remonstrance, the same as in a civil cause. Either party is given the right of appeal from the decision of the county board to the district court, and on such appeal the papers and evidence taken before the county board is certified to the district court, and the court determines the cause upon such record, and on appeal to this court the same record, as supplemented by the proceedings in the district court, comes up for consideration and review.

There are no limitations or qualifications prescribed as to who may protest or remonstrate. This right belongs to any citizen of the territory; there is no requirement that objectors shall be electors, or residents of the ward, city or county where the applicant proposes to do business. A non-resident of the territory, who is not a taxpayer in the ward or township should not be permitted to appear as remonstrant, for unless otherwise expressed, our statutes are domestic in character and in their application, and only those interested in our domestic affairs are entitled to be heard as objectors or remonstrants in matters purely local. Nor is there any specific requirements as to what are proper grounds of remonstrance. The statute is:

"If there be any objection, protest or remonstrance filed in the office where the application is made against the issuance of said license, the county clerk shall appoint a day for hearing the said cause, and the same shall be heard and determined by the county board, and if it shall be satisfactorily proven that the applicant for license has been guilty of a violation of any of the provisions of this act within the space of one year, or if any former license shall have been revoked for any misdemeanor against the laws of

this territory, then the board shall refuse to issue such license.". (Sec. 4, chap. 22, Laws 1897.)

It is contended that this statute limits the grounds of protest or remonstrance to violations of the liquor laws or the revocation of a former license, but such is not the law. Proof of a violation of any of the provisions of the liquor laws within the space of one year, or the revocation of a former license for any misdemeanor, constitutes an absolute disqualification of the applicant, and prohibits the licensing authorities from granting to him a license. But there are other causes and grounds for which a license may be refused. The applicant must be a man of respectable character and standing; he must present a petition signed by the requisite number and character of petitioners; he must publish notice of his application as required by law, and must be a fit person to be entrusted with the sale and handling of intoxicants. It was not the purpose of the legislature to limit the grounds of protest to those disqualifications prescribed by the statute. (*State v. Hanlon,* 24 Neb. 608, 39 N. W. 780; *Groscup v. Ranier,* 111 Ind, 361, 12 N. E. 694; Black on Intoxicating Liquors, s. 162.)

It is the purpose of the law to place the sale of intoxicating liquors in the hands of men of respectable character and standing, who are law abiding. Numerous restrictions are thrown around the handling of intoxicants, and imposed upon the person who engages in the business of retailing them. One who has no proper regard for law and order, or who is a constant law breaker, cannot be said to be fit to be entrusted with so important a privilege. Would it be contended that if an applicant is an imbecile, or demented, or a permanent invalid unable to attend to the place of

business, or a minor of tender years, or a person having no regard for law, or one who could not or would not give any personal attention to the business, though otherwise of respectable character, he would be a fit person to be entrusted with a personal trust of so important a character? Yet, none of these are by terms prohibited from receiving license. A license to deal in intoxicating liquors is in the nature of a personal trust, and the applicant for such privilege must be a person able, willing and competent to carry out such trust, and not delegate it entirely to others whose character may not be such as the law requires of the licensee. (*Brunson v. Dunn*, 124 Ind. 252.)

Great liberality should be exercised by the county board in inquiring into the character and standing of applicants for license, and strict rules of pleading are not required. If the remonstrance in a general way embraces such objections as will put in issue the character and standing of the applicant, the same should be held sufficient to require proof under, and if it is desired by the applicant that the remonstrance should be more specific and certain, he may by motion have the same made so, and the county boards should permit and require and reasonable amendments.

Where a remonstrance is filed, the burden of proof is on the applicant to establish by a preponderance of the evidence such facts as are imposed upon him as conditions precedent to his right to a license. He is in the position of a plaintiff in a civil cause, and the burden rests upon him to prove such material facts as are essential to his right of recovery; he must show that he has filed a proper petition;

that he has given the required notice; that the notice has been published as by law required; that he is a man of respectable character and standing, and that his petition is signed by the requisite number of resident taxpayers, and these facts must be proven by competent testimony, and such as would be admissible in the courts.     The burden rests upon the remonstrants of proving by the same character of testimony any allegations made as to violations of the liquor laws, or revocation of license, or other objections which do not go to the question of respectable character and standing.

In the case under consideration, the third ground of remonstrance was, "Because the applicant is not a suitable person to be entrusted with the sale of intoxicating liquors." There was no objection made to the general character of the objection, and no motion made to require the remonstrator to set out more specifically the particular reason why he was not a suitable person.   In the absence of objections or motion before the board, we think this ground of remonstrance was sufficient to put in issue the general character and standing of the applicant, and that it was error for the county board to refuse to hear any evidence as to the previous conduct and habits of the applicant.   The remonstrants offered and proposed to show that the applicant had, within a year, operated a saloon in El Reno without a license, and had permitted gambling in said saloon. While both  of  these acts constituted express violations of law, they would also go to show the character and standing of the applicant, and evidence of the character offered was proper for the consideration of the board in determining the character and standing of the applicant.

In this class of cases, it is the character and standing of the applicant that is to be determined, and specific acts of immorality or violations of law may be shown for the purpose of determining character. (Black on Intoxicating Liquors, s. 162; *Stockwell v. Brand,* 97 Ind. 474; *Hill v. Perry,* 82 Ind. 28; *Groscup v. Rainier,* 111 Ind. 361; *Golden v. Bingham,* 61 Ind. 198.)

The remonstrance in effect averred the disqualification of the applicant, and the burden of proof was on him to show by competent evidence that he was a man of respectable standing and character. He offered no evidence on this issue. The county board should have denied the application for this reason alone, but the protestant having offered evidence tending to impeach the reputable character of the applicant, it was error to reject it, and overrule the remonstrance.

The fourth ground of remonstrance was: "Because the petition is not signed by the requisite number of taxpayers of the ward wherein the applicant desires to sell intoxicating liquors." This averment presents a specific issue, wherein the burden was on the applicant to establish by a preponderance of the evidence that the petition was signed by thirty resident taxpayers of the ward. This burden rested upon him without any protest, but the remonstrant specifically put in issue this fact, and the county board was bound to hear her evidence on the question before they could determine the same, and a failure to require the applicant to submit competent proof was error. The only proof submitted by the applicant in support of the qualifications of the petitioners were two affidavits. These affi-

davits were not competent evidence. An affidavit is a voluntary *ex parte* declaration, sworn to before some officer, and can only be used to verify pleadings, prove service of notices, or other process in support of motions, or to obtain provisional and other remedies, and in chancery proceedings, unless specifically authorized by law. (Okla. Stat., 1893, sec. 4234.)

Upon the trial of a material question at issue, affidavits are not generally admissible as evidence, except as admissions against the affiant. (1 Enc. P. & P. 334.)

As to matters directly at issue, the testimony of witnesses must be so taken as to subject the witness to cross examination, and give the adverse party opportunity to inquire into the motives, standing, relations, qualifications and character of the witness.

*Ex parte* affidavits are not competent evidence in cases of this character, where an issue is made and triable on the merits. The county board required no competent proof as to the qualifications of the signers to applicant's petition, and it was not proper to consider the affidavits on file relating to said subject.

Another issue raised by the remonstrance was on the allegation that the notices were not published in the two newspapers published in said county, having the largest circulation therein.

The law provides that: "No action shall be taken upon said application until at least two weeks' notice of the filing of the same has been given by publication in two

newspapers published in said county, having the largest circulation therein.* * * *"

The giving of the notice as required is necessary in order to give jurisdiction to the county authorities to take any action on the application for license. If the notice is not given in the manner and for the time specified, the licensing authorities are clearly prohibited from taking any action, and proof of the giving of the notices, for the time and in the manner required must be made in some manner. The clerk or county board cannot take judicial notice of such facts, but must require competent proof, before they have any power or authority to consider the application, and in this connection we desire to call attention to the practice which has prevailed in this territory of permitting the county clerks to give these notices. There is nothing in our law which requires or directs the county clerk to give or sign the notices in such cases. The law contemplates that the applicant will file his application and petition, give his notice, pay his license money, execute his bond, and make the necessary proofs before the clerk or board, before he is entitled to a license. In the absence of a protest or remonstrance, the county clerk passes upon the sufficiency of the application, petition, bond, and notice, and grants or refuses the license. The legislature never intended that the clerk should give the notice and then pass upon its sufficiency. The applicant should select the newspapers, give his notices, and then make proof of the publication of the notices.

As was said in *Swan v. Wilderson, supra,* our laws relating to the traffic in intoxicating liquors were adopted from the state of Nebraska, and from an examination of

the reported cases from that state, we find that it has always been the custom, under the same statute, for the applicant to give the notices of his application, and in that state it has been held that it is not within the power of the county board to make the selection of the newspapers in which the notice should be published.

Notwithstanding that in this case the notice was given by the clerk instead of the applicant, we do not think that this fact in any way affects the validity of these proceedings. The notice was in fact given by the county clerk, and the allegation is made by the remonstrant that the notices were not published in the two newspapers published in Garfield county, having the largest circulation therein. This averment presented an issue of fact upon which issue the burden of proof was on the petitioner. No proof was offered, and there was not even an *ex parte* affidavit to show that the "Eagle" and "Wave" were the two papers published in said county having the largest circulation therein. We are aware that the supreme court of Nebraska has held that the publication of the papers in which notice has been published, cannot be inquired into unless the good faith of the applicant is attacked by the remonstrant, and the allegation made that the applicant has not acted in good faith in making the selection of the newspapers in which to publish his notices. If this were a question of construction of a statute, we would feel constrained to follow the rule adopted by the Nebraska courts, but there is nothing in the language of the statute calling for a construction, nor do the Nebraska decisions purport to be rules of construction. It is a question of practice under the provisions of a statute, and we are not bound to follow any rules of practice laid down

by the courts of that state. The statute is mandatory in its term: No action shall be taken until the notice of the filing of such application has been published two weeks in two newspapers published in the county, having the largest circulation therein. There is no room for the exercise of discretion, and the question of good or bad faith is no element in the transaction. The applicant is required to give notice of his application; he has it within his power at the time to go to the publishers and ascertain the extent of their circulation; he takes the risk when he makes the selection, and if he makes a mistake, it is his own fault, and he must suffer the consequences. There is no reason why a different rule should be adopted in this character of a case, from that where service is required in a proceeding in the district court, and it is a familiar rule of practice in our courts of general jurisdiction, that unless service is made in the manner and for the time provided by statute, the court will not take jurisdiction, unless there is a voluntary appearance of the adverse party. If a sheriff fails to serve a summons within time, the plaintiff must bear the burden although he acted in perfect good faith and did everything required of him to obtain good service.

The law in this case provides the manner of obtaining service on the public; the notice is a jurisdictional matter, and a failure to give the notice as required by law will defeat the application, or at least suspend the same until the required notice is given.

In cases where no protests are filed against the issuance of license, the affidavit of the publisher that his paper is one of the newspapers published in the county having the largest circulation therein, would make a *prima facie* case,.

and would be sufficient to authorize the county clerk or board to act, but where the proceedings are contested by protest or remonstrance, and the allegation is made, as in this case, that the notices were not published in the two newspapers published in the county having the largest circulation therein, the county board is required to hear competent evidence, and pass upon the question, and the applicant is required to furnish this proof, or on failure to do so, have his application denied.

It is contended by counsel for the applicant that the amended law as found in the session laws of 1897, are the only laws governing the county authorities in these matters, and that the violation of any of the restrictions on liquor dealers, is no longer a cause for refusing a license. There is no foundation for this contention. Our laws relating to the traffic in intoxicating liquors were first adopted in 1890. The statute was then amended in 1893, and again in 1897. The statute of 1890 as now amended by the Statute of 1893 and the session laws of 1897 constitute the laws on this subject. The sections as amended and set forth in the Laws of 1897 are in effect substituted for the old sections which they amend, and the unamended sections in the 1890 laws are as much a part of the laws on this subject as the amended sections in the laws of 1897. The entire chapter as now amended must be taken as a whole, and construed together as one statute.

The district court of Garfield county erred in not reversing the order of the county board, and in not directing the cancellation of the license pending appeal.

We held in *Swan v. Wilderson, supra,* that where a license was issued by the board, and the remonstrant appealed in seasonable time, that the license should be revoked pending the appeal.

The judgment of the district court is reversed, and the cause remanded, with directions to reverse and vacate the order of the board of county commissioners granting such license, and to direct the county board to revoke said license, and that the defendant in error pay the costs of this appeal.

McAtee, J., who presided in the court below, not sitting; all the other Justices concurring.