A. J. PALLADY, L. C. SMITH AND C. W. LUDWICK v. W. W. BEATTY, H. G. HARMAN, J. W. WESTFALL AND P. F. HARMAN.

(Filed September 6, 1905.)

1. MANDAMUS—Lies When. Where an applicant files his petition for license to sell intoxicating liquors and certain persons file their remonstrance against the issuance of such license, and the board, after a hearing upon the remonstrance, grants the petition, and the remonstrants duly appeal from such order to the district court: Held, that mandamus will lie to compel said board to reconvene revoke a license issued pending appeal.

2. SAME—Affidavit of Attorney. An affidavit made by an attorney for the party applying for the writ, that the facts stated in the application are within his personal knowledge, states a sufficient reason why the attorney makes it.

3. SAME—Certificate of Officer. The words "Subscribed and sworn to before me" in the certificate of the officer before whom an affidavit is made are sufficient to comply with sec. 4317, Wilson's statutes, requiring an affidavit to be "sworn to or affirmed" before the officer, and "signed in his presence."

(Syllabus by the Court.)

*Error from the District Court of Caddo County; before Frank E. Gillette, Trial Judge.*

*Joseph G. Lowe,* and *Glitsch* and *Glitsch,* for plaintiffs in error.

. No appearance for defendants in error.

Opinion of the court by

PANCOAST, J.: This is an appeal from an order of the judge of the district court of Caddo county, directing plaintiffs in error to assemble as a board of county commissioners of said county and revoke a license theretofore issued to one Frank Marshal for the sale of intoxicating liquors. Application was made to the board by said Marshal to sell intoxicating liquors. A remonstrance being filed, a hearing was had, and from the action of the board granting the petition, an appeal was taken to the district court. After the appeal was perfected, a license was issued to the applicant by direction of the board. Upon application to the judge of the district court, an order was made requiring the commissioners to reconvene and revoke the license so issued, from which order the plaintiffs in error appeal, and assign as error: First, that the writ should not have issued in this case for the reason mandamus will not lie to correct errors or control judicial discretion; and second, the insufficiency of the affidavit verifying the application for the writ.

As to the first ground relied upon, it may be stated that aside from any general rule, our statute provides that mandamus will not lie to control judicial discretion. (Par. 686, art. 33 chap. 66, Wilson's Statutes.)

That question, however, is not before us. The application here was not to control the exercise of discretion lodged with the Board, but to require the board to discharge a function which could be performed by it alone, and which a proper regard for the circumstances of the case required. An appeal was pending, upon the decision of which rested the right of the commissioners to direct the issuance of a license, the granting of which might defeat the object for which the appeal was taken. The taking of an appeal acted as a stay of all proceedings before the board, and the speedy revocation of the license prematurely issued was not only an act proper to be performed by the board but a duty devolving upon it by law and enjoined by the fact of the appeal. If the county board fails to perform any duty imposed upon it by law, either the petitioners or remonstrants who are the parties to the proceedings, may have the aid of the court to compel said board by mandamus to perform such duty.

It may be the incidental effect of the writ was to compel the undoing of an act already done, or the correction of an error of judgment after exercise of discretion, but the thing aimed at, and to which the writ was addressed, was the compelling of a positive act which it was the duty of the board to perform, the discharge of a function enjoined upon it and resulting from the office occupied.

As was said by this court in the case of *Swan v. Wilderson, et al.* 10 Okla. 547:

"Our statute allows twenty days to appeal from the decision of the board of county commissioners. Where a remonstrance is presented and overruled, and license ordered to issue, if notice of appeal is given by remonstrants, the license should be withheld for the period of twenty days to enable the remonstrants to perfect their appeal. If the appeal is taken, then no license should issue until the case is determined in the district court. In such cases it is not alone the decision of the board that entitles the applicant to a license, but such decision must be supplemented by the judgment of the judge of the district court before he is entitled to a license. If the appeal is taken before the time for perfecting an appeal has expired, and the appeal is duly perfected in time, the license should be at once revoked, and in such case, if the county board refuses to revoke the license or delays for an unreasonable time in taking action, a mandamus will issue on petition of the remonstrants to compel the board to revoke and cancel such license."

That case is decisive of the case at bar, so far as the question of the propriety of the issuance of the writ under the circumstances of this case is concerned, if the application for same is sufficient in its form and contents to give the court authority to act; and it is to the sufficiency of the affidavit verifying the application that the second assignment of error is directed.

In this connection, it may be observed that sec. 4888, Wilson's Statutes provides:

"The motion for the writ must be made upon affidavit. . and the court may require a notice of the application to be given to the adverse party. * * *"

In the case at bar, notice was given, and the affidavit attached to the application is made by the attorney for remonstrants, who says:

"That he makes this affidavit for the reason that the facts herein are within his personal knowledge; that he prepared the above and foregoing application for writ of mandamus; that he knows the contents thereof, and that the allegations therein contained are true."

And this is followed by the certificate of the officer that it is "Subscribed and sworn to before" him.

The objections that plaintiffs in error make to this under their second assignment of error are: First, that the affidavit being made by attorney does not comply with sec. 4318, Wilson's Statute, specifying what the affidavit shall contain when made by attorney; and second, that the certificate of the officer before whom the affidavit was made does not specify, as required by sec. 4317, "that it was sworn to or affirmed before him and signed in his presence."

It seems to us that there is no merit in either of these contentions, as by a fair construction the language used, "subscribed and sworn to before me", may be deemed equivalent to that employed in the statute; and the recital in the affidavit that the facts are within the personal knowledge of the attorney making same is in exact conformity with the requirements of the section of the statute permitting affidavits to be so made.

For the reasons herein stated, the judgment of the trial court is therefore affirmed, at the cost of appellants.

Gillette, J., who presided in the court below, not sitting; all the other Justices concurring.