[Sac. No. 1403.   Department Two.—September 14, 1906.]

In the Matter of the Estate of SARAH C. HAYDEN, Deceased. FREDERICK H. COLLINS, Proponent of Will, Appellant, v. A. L. WESTING, Administrator, Respondent.

ESTATES OF DECEASED PERSONS—LETTERS OF ADMINISTRATION—ORDER REFUSING PROBATE OF WILL—OPPOSITION.—Where the petition of a grandson of the deceased for letters of administration alleged the intestacy of the deceased, and the proponent of a copy of a will filed a petition in opposition, alleging that the grandson had concealed the original will, which disinherited him, and throughout the proceedings the parties treated the two petitions as raising an issue upon the matter, and the court made an order refusing the probate of the alleged will, and granting letters to the grandson, it cannot be urged upon appeal from the order that there was no written opposition by the administrator to the petition for probate of the will.

ID.—BURDEN UPON PROPONENT—DUTY OF COURT.—Even if the administrator was not to be heard upon the question of probate of the proposed will, the burden was upon the proponent to make satisfactory proof of the will, and if he failed to do this to the satisfaction of the court, it was its duty, even without opposition, to refuse probate to the purported will.

ID.—CONFLICTING EVIDENCE.—Where the evidence was conflicting as to whether the deceased made a will, this court will not disturb the decision of the trial court as to the weight and credibility of the testimony on that question.

ID.—SUFFICIENCY OF FINDINGS—POSSESSION OF WILL.—A verbal inaccuracy in the findings as to possession or concealment of the will does not invalidate them, where the context makes it clear what the court meant to declare; and a finding that the allegations of the opposition of the proponent of the will "with respect to Sarah C. Hayden leaving any will, or any person having in their possession any will of Sarah C. Hayden, deceased, are untrue," is sufficient as a finding to justify the court's refusal to admit the will to probate.

APPEALS from decrees of the Superior Court of San Joaquin County refusing probate of an alleged will, and granting letters of administration. W. B. Nutter, Judge.

The facts are stated in the opinion of the court.

A. H. Carpenter, for Appellant.

Nicol & Orr, and E. P. Foltz, for Respondent.

HENSHAW, J.—Sarah C. Hayden died in the county of San Joaquin on the sixth day of June, 1904. After her death A. L. Westing, her grandson and one of her heirs, applied for letters of administration upon her estate, alleging her intestacy. About nine months before her death Mrs. Hayden, who had become paralyzed in the latter part of the year 1902, and who had failed physically and mentally from that time, was declared incompetent, and Westing was appointed her guardian, and continued to act as her guardian until the time of her death. Frederick H. Collins, a nephew by marriage of the deceased, filed a petition in opposition, alleging that Mrs. Hayden had died leaving a last will and testament, and that Westing and a hired servant, or some person acting with them and under their direction, had taken, carried away, and concealed the last will and testament wherein Westing was disinherited for the purpose of enabling him to obtain the property for himself. The petition sets up what was alleged to be a copy of the will and a codicil thereto. The court refused probate of the alleged will, and granted letters of administration to Westing, and from its decrees these appeals are taken.

It is first contended that as no written opposition to the probate of Mrs. Hayden's will had been filed, as required by the provisions of section 1312 of the Code of Civil Procedure, respondent has no standing before this court; but as Westing himself in his petition for letters of administration had alleged the intestacy of the deceased, and as throughout the proceedings in the trial court the pleadings were recognized as sufficient to raise issue upon this matter, appellant's position is not well taken, and even if respondent were not to be heard, as it was incumbent upon appellant to make satisfactory proof of the will, and he failed to do this to the satisfaction of the trial court, it was the duty of the trial court, even without opposition, to have refused probate to Mrs. Hayden's purported will.

There was testimony to show that deceased had made a will and a codicil thereto. There was, however, no testimony that Westing or anybody acting with or under him had ever seen or had possession of the will, much less that they had

feloniously taken, concealed, or destroyed it. There was also evidence that if the will was made it was revoked by the deceased in her lifetime, the testimony showing declarations of the deceased that she did not have a will, and that they (meaning Collins and those in interest with him) were endeavoring to induce her to make a will. The case is typical of the wisdom of the rule so long enunciated and adhered to by this court that it cannot and will not disturb a judgment given upon conflicting evidence. Much of the weight of the testimony in this case of necessity depends upon the standing and credibility of the witnesses upon either side, as to which the trial court and not this is alone capable of judging.

The appellant contends that the findings are enigmatical and uncertain. The finding to which this attack is addressed is as follows: "that Annie Fogacci nor A. L. Westing, nor any other person, took or carried away any will or codicil, or other document of value belonging to said Sarah C. Hayden, for the purpose of enabling A. L. Westing to fraudulently or at all get possession of the property of said Sarah C. Hayden, or for any other purpose whatever; that said Annie Fogacci nor A. L. Westing ever at any time found or had in their possession any will of said Sarah C. Hayden, deceased, nor are they, or either of them, in the possession of any will of Sarah C. Hayden, nor did they, or either of them, ever have in their possession or under their control any will whatever of said Sarah C. Hayden, deceased." While unquestionably the finding would have been made clearer by the insertion of the word "neither" before the name "Annie Fogacci," this omission does not nullify the finding, as the context makes perfectly plain what the court meant to declare.

The finding of the court that the allegations of the opposition of Frederick H. Collins "with respect to Sarah C. Hayden leaving any will, or any person having in their possession any will of Sarah C. Hayden, deceased, are untrue," is sufficient as a finding to justify the court's refusal to admit the alleged will to probate.

We have examined the alleged errors of the court in admitting and rejecting evidence. None of the points call for detailed consideration. It is sufficient to say that the rulings were proper.

The orders and decrees appealed from are affirmed.

Lorigan, J., and McFarland, J., concurred.

Hearing in Bank denied.