### HAYS v. DRAKE et al.

No. 17762. Opinion Filed Nov. 15, 1927.

Rehearing Denied Jan. 10, 1928.

((Syllabus.)

**Appeal and Error—Questions of Fact—Conclusiveness of Verdict.**

Where there is any competent evidence reasonably tending to support the verdict of the jury, the same will not be disturbed upon review by this court.

Error from District Court, Caddo County; Will Linn, Judge.

Action by Albert C. Drake against John T. Hays and others. Judgment against defendant named, and he brings error. Affirmed.

Pruitt & Wamsley and Russell R. Hays, for plaintiff in error.

Morris Johnson & Wilhite, for defendants in error.

LESTER, J. Albert C. Drake, defendant in error, was plaintiff below. John T. Hays, plaintiff in error, and a number of the defendants in error were defendants below.

Judgment was entered in the district court against John T. Hays only for the sum of $252.70, from which judgment the defendant John T. Hays prosecutes an appeal to this court.

It appears that Albert C. Drake owned certain farm land in Caddo county and that John T. Hays was the owner of certain residence property in Hobart, Okla., and said parties, through Courtney & Son, entered into a contract of writing for the sale and exchange of said property.

Said Hays agreed to deposit with the contract the sum of $1,050 in cash and each party to the said contract agreed to assume certain mortgage indebtedness which existed against the property of the other.

The contract further provided:

"The tenant on the farm, Mr. Stepp, is to make with Mr. Hays contract for such part of the land for 1925 as is agreeable to Mr. Hays, and same is so understood between Stepp and Hays."

There were other provisions to the contract, which are not material to the issues involved on appeal.

Hays executed and delivered one check for the sum of $800 in pursuance of said contract, and also another check in the sum of $250, as balance due on said contract. Hays stopped payment upon the latter check and suit was brought by Albert C. Drake to recover the sum of money represented by said check, together with the protest fees thereon, amounting to $2.70.

Courtney & Son, through whom said contract was made, upon motion of the defendant Hays, were made parties to the action.

Hays filed his answer, in which he alleged that he had not been placed in possession of the said property which he had purchased from Drake. He also filed a crosspetition for damages on account of the detention of said premises.

The issues were tried to the court and jury.

It appears that, prior to the contract in writing between Hays and Courtney & Son, as agents of Drake, Hays and W. N. Courtney, of the firm of Courtney & Son, visited the farm which Hays desired to purchase; that they talked with one Stepp, who was then the tenant in possession of said farm. It appeared that Stepp was undertaking to cultivate during the year 1925, more land than Hays believed Stepp could properly cultivate; that Stepp had already "plowed up" about 80 or 90 acres of land on said farm. Stepp agreed with Hays that he would surrender the south 80 acres of the said farm provided Hays would pay him the sum of $2 per acre for the work already performed on said land in preparing the same for cultivation for the year 1925. It appears that Hays refused to pay this amount and negotiations between Hays and the tenant, Stepp, ceased so far as they related to the possession of a portion of the farm for the year 1925 by an additional tenant. On the

trial of said case W. N. Courtney testified that before the contract of sale was signed Hays agreed with Stepp to pay the sum of $2 per acre for the work which Stepp had performed on said land in preparing the same for cultivation. Stepp also testified to this fact. It is further shown by the witness Stepp that, later on during the year 1925, Hays told him to continue in the possession of the entire farm for the year 1925, for the reason that he did not desire to pay the said Stepp the sum asked for the work which Stepp had performed on the said land. Hays in his testimony denied that he had agreed with Stepp to pay him the sum of $2 per acre on account of Stepp preparing the said land for cultivation, and he also denied that he had agreed that Stepp should continue in the possession of said land for the year 1925.

The issues of fact were properly submitted to the jury by the court, and the jury found said issues in favor of the plaintiff and against the defendant Hays.

The defendant Hays, who is the plaintiff in error here, presents several assignments of error. We will not attempt the discussion of these assignments, for in our judgment there is no merit in any of them.

The contract of sale between Hays and Courtney & Son, who were acting for Drake, recites:

"The tenant on the farm, Mr. Stepp, is to make with Mr. Hays contract for such parts of the land for 1925 as is agreeable to Mr. Hays, and same is so understood between Stepp and Hays."

It appears that when this contract was signed Stepp and Hays had already talked the matter over and Hays had agreed to accept him as a tenant on the farm and that Hays knew that Stepp was asking $2 per acre for the work which he had performed in preparing the land for cultivation for the year 1925. There is also competent testimony showing that Hays thereafter agreed to accept Stepp as his tenant for the year 1925.

We think the contention of the plaintiff in error is wholly without merit.

Plaintiff in error also contends that Drake had failed to make arrangements with the loan company for the cancellation of Hays' indebtedness to the loan company, but it is shown by competent testimony that each party to the contract of sale simply agreed that he would assume the indebtedness due on the property of the other.

Plaintiff in error complains of the fol-lowing instruction given by the court, to which plaintiff in error excepted in the court below:

"The court instructs the jury that if you find and believe from the evidence in this case that after the execution of the written contract to purchase the land which has been introduced in evidence, and at the time W. N. Courtney and the defendant Hays and one Stites went to the farm to have the lease contract signed up, and if after Stites refused to sign the lease for the 80 acres that he was to receive that the defendant Hays then told J. M. Stepp that he could have it all for the year 1925, then in that event you should return a verdict in favor of the plaintiff Drake, and against the defendant Hays for the full amount sued for, to wit, $252.70, leaving the attorney fees to be determined by the court."

The plaintiff in error complains that the above instruction is not based upon the pleadings nor upon the evidence tendered in support of the pleadings. The record in no manner bears out this contention of the plaintiff in error.

We think that under the record the cause was tried without any prejudicial error whatever, and that there is an abundance of proof to support the findings of the jury. This court has uniformly held that where there is any competent evidence reasonably tending to support the verdict of the jury, such verdict will not be disturbed by this court on review.

Judgment is affirmed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, PHELPS, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See 4 C. J. p. 854, §2834; 2 R. C. L. p. 193; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79; 6 R. C. L. Supp. p. 73.