## MITCHELL v. DADAS.

No. 21671.   Feb. 27, 1934.

J. F. McKeel, for plaintiff in error.

Wimbish & Wimbish, for defendant in error.

SWINDALL, J. George Dadas, as plaintiff, brought suit in replevin against Mike Mitchell, as defendant, to recover possession of a mechanical piano then in defendant's restaurant at Ada, Okla. Following plaintiff's affidavit and bond, defendant made a redelivery bond and retained possession of the piano. The cause was tried to a jury and a verdict was rendered for plaintiff for possession and for $50 damages. Thereupon the court entered judgment in conformity with the verdict and for $650 value in event of failure to deliver the property. Defendant filed his motion for new trial, asserting among others the ground of newly discovered evidence. The motion was overruled and defendant has appealed to this court.

George Dadas had owned the piano in controversy for some years. It was one of the variety sometimes found in restaurants, played by the deposit of coins. About Au-

gust, 1927, he placed the piano in one Chris Scoufos' restaurant at Seminole, Okla., to secure a loan of $100, and under an agreement as to the division of its intake. March 1, 1928, Dadas began working for Scoufos and continued for three months. He then obtained a job with defendant at Ada, Okla., and thereupon transported the piano to defendant's restaurant. Two months later, the last of July, 1928, he quit the job with defendant. The next day he demanded his piano from defendant, who refused to relinquish possession. Plaintiff immediately brought suit. Defendant resisted on the theory of a special interest in the property, asserting that by agreement of the parties he had paid a $200 indebtedness of plaintiff to Scoufos and was to hold the piano until repaid. Plaintiff denied the indebtedness and the agreement and the jury found in his favor on this issue by its verdict.

Error is assigned by defendant in several particulars: (1) There is no evidence reasonably tending to support the verdict: (a) for possession, or (b) for damages; (2) there is no admission or evidence to support the alternative judgment for $650 value; (3) the court erred in giving instruction No. 2 in that it directed the jury to find matters from a preponderance of the evidence about which there was no evidence; (4) the court erred in giving instruction No. 4, because it authorized the jury to find generally under a state of facts not pleaded or proved by either party and was therefore misleading; and (5) the court erred in overruling defendant's motion for new trial on the ground of newly discovered evidence.

On the question of possession plaintiff in error contends: (1) That plaintiff failed to allege or prove ownership, giving right to possession, in himself; and (2) that there was no reasonable evidence contradictory of defendant's asserted special interest. It is sufficient answer to the first part of this contention to say, without passing on the sufficiency of the allegations, that there was ample undisputed proof of plaintiff's ownership of the property presented without objection, and the pleadings are, therefore, to be considered as amended to conform to such proof. Heindselman v. Harper, 91 Okla. 50, 215 P. 771; School Dist. No. 60 v. Crabtree, 146 Okla. 197, 294 P. 171. Under the second part the proposition presented is whether or not there was sufficient evidence to support a finding of no indebtedness, and on that issue we find the evidence in conflict. George Dadas, plaintiff, testified consistently that he never owed Scoufos more than $100. Plaintiff in error urges that he admitted owing $100 at the time the piano was moved, but a reading of his entire testimony negatives such admission and shows that what he had in mind was that he owed the $100 unless it had been paid out of the proceeds of the piano, which he contended it had. It appears that the income from the piano was adequate if no further indebtedness existed. Scoufos credited him with something more than $100. The rule is that in a law action tried to a jury, the verdict of the jury and the judgment of the court thereon will not be disturbed on appeal where there is evidence in the record reasonably tending to support the findings of the jury. Spring v. Mayor, 126 Okla. 150, 259 P. 125; Hayes v. Drake, 128 Okla. 236, 262 P. 690. And this rule obtains though we may be convinced the jury should have found to the contrary. Wetzel v. Rixse, 93 Okla. 216, 220 P. 607. We, therefore, find there was sufficient evidence to support the verdict and judgment for possession.

On the issue of damages, the only evidence in the record having any relevancy goes to show loss of gains by reason of loss of use of the piano. That may be a proper measure of damages in replevin, but it must be proved with sufficient certainty so as not to be objectionable because speculative. It appears that the piano was not operated after its removal to defendant's restaurant. Theretofore, according to Dadas, its average intake was $50 to $75 per month. No showing was made as to how much it cost to keep the piano operating, though it appears to have been necessary to have it repaired with some frequency. No showing was made that Dadas could have obtained the same division from another that he obtained from Scoufos; nor that he could have obtained another place for the piano; nor where. Certainty of loss of gain is not established. However, assuming certainty of loss, and granting that the average intake at another place would have been $50 to $75 per month, the likely net gain is not disclosed. No rule of necessity exists in this class of cases allowing the jury to guess at the damages, and they must be fixed in amount with reasonable certainty. See Bokoshe Smokeless Coal Co. v. Bray et al., 55 Okla. 446, 155 P. 226, and the cases cited therein; Sedgwick on Damages (9th Ed.) vol. 1, p. 317 et seq. No evidence here tends to fix an amount within reasonable bounds. It follows that compensatory damages must be denied, and defendant in error will be allowed $1 nominal damages, remitting the balance or suffer a new trial.

With regard to the alternative judgment

for value of the piano in the sum of $650, it appears that plaintiff did not allege the value in his pleadings nor introduce any proof concerning it. The question was not submitted to the jury and it did not find value. The value appears only from the affidavit filed to secure immediate possession. After the verdict the court rendered its judgment in the alternative fixing the value in the amount stated in the affidavit. The question raised is whether such judgment was proper. This depends upon the relation of the affidavit to the pleadings and to the proof. Our court has in numerous cases held that, under our replevin statute, the affidavit and proceedings thereon in a district court action form no part of the pleadings and in no manner limit the issues. First National Bank v. Cochran, 17 Okla. 538, 87 P. 855 (variance between affidavit and petition); Jantzen v. Emanuel German Baptist Church, 27 Okla. 473, 112 P. 1127, Ann. Cas. 1912C, 659 (affidavit and bond defective); King et al. v. King, 42 Okla. 405, 141 P. 788 (affidavit described five head of mules, petition described nine); Cudd v. Farmers Exchange Bank, 76 Okla. 317, 185 P. 521. It is also held that though the value is alleged and not denied, it must nevertheless be proved because of our statute, section 240, O. S. 1931. Cudd v. Farmers Exchange Bank, supra; Gross v. Lincoln, 81 Okla. 87, 196 P. 960. It was, of course, denied in the present case by defendant's general denial. It thus becomes clear that the affidavit did not dispense with proof or cast the burden on the defendant of affirmatively defending against its allegations. The court could not treat the issue as judicially admitted and withdrawn from the jury. The only theory, then, upon which the court might act was that the matter was in issue, and that the affidavit and proceedings thereon being a part of the record in the case constituted undisputed evidence before the court upon which it could base a judgment. Assuming that the matter was in issue, we are of the opinion that the affidavit did not constitute competent evidence of the facts stated therein for the consideration of either the jury or the court. In Watkins v. Grieser, 11 Okla. 302, 312, 66 P. 332, this court, in interpreting our statute, now section 292, O. S. 1931, providing for the use of affidavits as evidence, said:

"An affidavit is a voluntary ex parte declaration, sworn to before some officer, and can only be used to verify pleadings, prove service of notices, or other process in support of motions, or to obtain provisional and other remedies, and in chancery proceedings, unless specifically authorized by law. * * *

"As to matters directly at issue, the testimony of witnesses must be so taken as to subject the witness to cross-examination, and give the adverse party opportunity to inquire into the motives, standing, relations, qualifications and character of the witness."

This statement of the law is supported in Wigmore on Evidence (2nd Ed.) secs. 1709-1710; 2 C. J., Affidavits, pp. 372-377, and the cases cited. Affidavits, when made ex parte before an officer not qualified to command or conduct cross-examinations, if used to establish the truth of their contents, are hearsay. Observation of the witness and an opportunity to cross-examine him are denied. The affidavit in replevin under our statute, section 783, O. S. 1931, is made ex parte before the court clerk of the court in which the action is filed, for the purpose of obtaining interlocutory relief. No opportunity is given to observe or cross-examine the maker of such affidavit. We, therefore, hold that it does not constitute evidence in the main action of the truth of its contents in favor of the party who makes it, and the affidavit in the present case was not evidence before the court or jury to support the alternative judgment for value. Under such circumstances, no alternative judgment can be rendered. Wills v. Fuller, 47 Okla. 720, 150 P. 693; Gross v. Lincoln, supra; Beard v. Herndon, 84 Okla. 142, 203 P. 226. Defendant in error in his brief admits he has no right to an alternative judgment, asserts that the property can be had, and consents that such be eliminated. An alternative judgment is not essential to a judgment in replevin. Ward v. Richards, 28 Okla. 629, 115 P. 791; Davis v. Gray, 39 Okla. 386, 134 P. 1100; McConnell v. Watkins, 42 Okla. 214, 140 P. 1167; Evans v. Smith, 50 Okla. 285, 150 P. 1096; Crisp v. Gillespey, Sheriff, 50 Okla. 541, 151 P. 196. The judgment will be modified so as to strike so much thereof as relates to value in the alternative for $650.

The only material error in instruction No. 2 related to damages and has been already considered.

Plaintiff in error complains of instruction No. 4, because it "emphasizes" the fact that defendant cannot rely upon any defense acquired subsequent to the filing of the suit, no such theory being advanced, asserting that it was misleading. He relies upon Mutual Refining Co. v. Union Refining Co., 124 Okla. 286, 255 P. 1015, wherein the court held:

"An instruction which is intended to go to the law of the case, which indicates to the jury that it might find for the plaintiff on the doctrine of innocent purchaser for value without notice, whereas same was

never pleaded, and there was no evidence before the jury which as a matter of law would give plaintiff the benefit of such doctrine, a verdict based thereon must be set aside"

—and argues that instruction No. 4 suggested to the jury that defendant was relying upon a right acquired subsequent to the filing of the suit, and indicated to them that they should find for plaintiff on that issue. We find that the instruction merely clarified the issue for the jury; it showed them what was meant by the requirement that the plaintiff or defendant have a right to possession at the issuance of the writ. It eliminated a theory upon which they could not find regardless of the evidence; whereas, in the Mutual Refining Co. v. Union Refining Co. Case, the instruction inserted a theory upon which the jury could find if there were evidence. The instruction was not erroneous.

Plaintiff in error finally contends that the court erred in overruling his motion for new trial on the ground of newly discovered evidence. We appended to his motion affidavits of J. F. McKeel, his attorney, Chris Scoufos, one of his witnesses, and himself, to the effect that while the jury was deliberating, Dadas admitted to them that he owed Mitchell the money claimed and had agreed his piano should be held as security. It appears that this matter was not called to the attention of the court before it received the verdict or before it rendered judgment. A new trial will not be granted on the ground of newly discovered evidence unless such evidence was discovered subsequent to the trial. This evidence was discovered before the trial ended. Ellis v. Mid-Continent Oil & Gas Co., 65 Okla. 124, 165 P. 177. Further, the granting of a new trial on the ground of newly discovered evidence is largely within the discretion of the trial judge. Jones v. Oklahoma Planing Mill & Mfg. Co., 47 Okla. 477, 147 P. 999.

The judgment of the trial court for possession of property affirmed; alternative judgment for value of property vacated, as there is no allegation or proof to sustain same; judgment for damages for loss of use reduced to nominal damages of $1, on condition plaintiff file a remittitur within ten days.

RILEY, C. J., and McNEILL, BAYLESS, and WELCH, JJ., concur.