## In re BOURASSA'S ESTATE.
## BOURASSA et al. v. BOURASSA.

No. 22876.    March 5, 1935.

Cutlip & Cutlip, for contestants.

Robison & McKinnis, for proponent of the will.

PER CURIAM. By date of April 8, 1930, Theodore S. Bourassa executed an instrument purporting to be his last will and testament, whereby he devised 119 acres of land to four of his children, namely, Freeman Bourassa, Ewing Bourassa, Hattie Clark, and Irving Bourassa. To his remaining children, all named in the will, he bequeathed the sum of $1 each. Theodore S. Bourassa died November 26, 1930, a resident of Pottawatomie county, and left no widow surviving him. He was survived by all the children named in the will except his daughter Delia Cryer, who predeceased her father.

On November 29, 1930, Irving Bourassa filed the will with his petition for probate thereof in the county court of Pottawatomie county, Okla. T. W. Bourassa and Addel Jeffcoats, two children of the deceased, contested the probate of the will upon the following grounds:

That at the time of making the alleged will Theodore S. Bourassa was incompetent to make a last will and testament; that he was unduly influenced by and was under duress of Irving Bourassa; that the purported will is a forgery; that it was not executed and attested as required by law; that the purported will was not executed nor attested on the day that it bears date and that it was altered by interlineations after execution without the knowledge or consent of the deceased.

It appears from the evidence that Theodore S. Bourassa went to the office of G. R. Flynn, in the town of Wanette in Pottawatomie county, for the purpose of making a will. Flynn, who was engaged in the real estate and loan business, with the aid of a form book typed the will as dictated to him by Bourassa. The will was executed by Bourassa in the presence of Flynn and one M. E. Hulse, who subscribed their names as attesting witnesses in the presence of the deceased and in the presence of each other, and it is so recited in the attestation clause. Hulse was a justice of the peace and shared an office with Flynn. After the preparation of the will and before its execution, an error in the description of the property referred to therein was corrected, and sometime subsequent to the execution of the will the following was added in pen and ink

in handwriting of some person other than the deceased: "All other wills made by me are revoked." A prior will dated February 25, 1908, was introduced in evidence, wherein the deceased bequeathed all his money and personal property to his wife and devised all his real estate to her during her unmarried lifetime, and in event of her marriage she was to have an undivided one-third interest in such real estate. The remainder interest in the real estate was devised to the same children and in the same proportions as in the will of April 8, 1930, and the other children, including contestants, were each bequeathed the sum of $1.

Contestants contend that the will should not have been admitted to probate because the evidence does not disclose that the deceased declared to the attesting witnesses that the instrument was his will and did not request them to witness the will. Various other contentions are scattered throughout contestant's brief, but not presented in any orderly or logical manner. For instance, the contention is made that the deceased did not sign the will—that it is a "clear cut forgery"—yet throughout their brief, reference is made to the execution of the will by the testator. It is asserted that fraud is practically admitted without attempting to substantiate such a statement by reference to the record or otherwise. Contestants dwell at length upon the inclusion in the will after its execution of the words "all other wills made by me are revoked," but admit that this was without the knowledge or consent of the deceased.

Section 1546, O. S. 1931, provides:

"Every will, other than a nuncupative will, must be in writing; and every will, other than a holographic will and a nuncupative will, must be executed and attested as follows:

"First: It must be subscribed at the end thereof by the testator himself, or some person, in his presence and by his direction, must subscribe his name thereto.

"Second: The subscription must be made in the presence of the attesting witnesses, or be acknowledged by the testator to them, to have been made by him, or by his authority.

"Third: The testator must, at the time of subscribing or acknowledging the same, declare to the attesting witnesses that the instrument is his will; and

"Fourth: There must be two attesting witnesses, each of whom must sign his name as a witness at the end of the will at the testator's request and in his presence."

The fact that the deceased dictated the instrument to the scrivener as his will and executed it in the presence of witnesses who attested his signature in his presence, and in the presence of each other, is sufficient to imply a declaration on his part that the instrument was his will and a request that the witnesses attest his signature. The form of the request, whether by words or conduct, is immaterial. In re Adams Estate, 149 Okla. 90, 299 P. 226; In re Tayrien's Estate, 117 Okla. 216, 246 P. 400; Speaks v. Speaks, 98 Okla. 57, 224 P. 533; Allen v. Kinnibrugh, 93 Okla. 42, 219 P. 676; In re Stover's Will, 104 Okla. 251, 231 P. 212. The instrument was properly executed and attested as a will.

This case is not like McCarty v. Weatherly, 85 Okla. 123, 204 P. 632, cited by contestants, where the court held that there was no evidence that the testator had declared the instrument to be her will nor requested the witnesses to attest her signature. In that case the instrument attempted to be probated as a will was executed by mark by an Indian approximately 70 years old, totally blind, able to speak only a few words of English, who was found by the court to have been the victim of fraud and undue influence.

The interlineation of the words "all other wills made by me are revoked," subsequent to the execution of the will, was entirely without effect and neither added to nor detracted from the will in any respect. Obviously a third person cannot defeat the will of a testator by attempting to alter it without the testator's knowledge or consent. The alteration should be rejected and the will probated as though the alteration had never been attempted. In this case, however, the interlineation is immaterial, as the last will revoked all former wills. (Section 1560, O. S. 1931.) No attempt has been made to probate the former will, and it would not profit contestants to have it probated. They were each left the sum of $1, the same as in the last will.

Judgment affirmed.

The Supreme Court acknowledges the aid of Attorneys Villard Martin, Chas. A. Holden, and Sam A. Neely in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Martin and approved by Mr. Holden and Mr. Neely, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, PHELPS, and CORN, JJ., concur.