## In re FREE'S ESTATE.
## MILES et al. v. FREE et al.

No. 27649.   Dec. 7, 1937.

Rehearing Denied Jan. 25, 1938.

H. P. White, for plaintiffs in error.

McCoy, Craig & Pearson, for defendants in error.

GIBSON, J. This is a proceeding to probate a will. It originated in the county court of Osage county, where the will was admitted to probate, and from there appealed to the district court by the protestants, where the judgment of the county court was affirmed, and this appeal resulted. In compliance with the statute, section 1101, O. S. 1931, the protestants will be referred to herein as plaintiffs, and the proponents as defendants.

The assignment of error particularly stressed and relied upon by plaintiffs questions the action of the trial court in overruling their demurrer to defendants' evi-

dence. This assignment raises the question of the burden of proof placed upon the proponent of a will in a contested case, the question as to how far he must proceed with his proof in order to establish a prima facie case as to the validity of the will.

This court has said that in a contested will case, where the petition for probate and the protest are heard together, as in this case, the burden of proof is upon the proponent to make a prima facie case or satisfactory proof of the due execution of the will; that the proof required by statute, though no protest, cannot be waived. Tiger v. Peck, 74 Okla. 9, 176 P. 529. That holding is in strict compliance with the statute, section 1099, O. S. 1931, which provides:

"If no person appears to contest the probate of a will, the court may admit it to probate on the testimony of one of the subscribing witnesses, only if satisfied from the testimony of such witnesses that the will was executed in all particulars as required by law, and that the testator was of sound mind at the time of its execution."

The foregoing decision expresses the rule that the degree of proof required of the proponent in order to establish a prima facie case is the same whether there is or is not a contest, thus plainly recognizing the provisions of the aforesaid section 1099, which are to the effect that a prima facie case is established by proponent when he has produced satisfactory proof "that the will was executed in all particulars as required by law, and that the testator was of sound mind at the time of its execution."

Where the will is shown to have been regularly executed and attested, the trial court may indulge the presumption that the testator at the time of the execution thereof was of sound mind, although no positive evidence as to that question is produced. In re Elrod's Estate, 154 Okla. 84, 6 P. (2d) 676. In that case there was no testimony produced on the part of either party as to the mental condition of the testator at the time of the execution of the will, and the court, recognizing the aforesaid presumption and approving the rule expressed in the case of In re Blackfeather's Estate, 54 Okla. 1, 153 P. 839, held:

"A presumption of sanity goes with every one, and the burden of proving unsoundness of mind in a will contest rests upon the contestant."

See, also, In re Nitey's Estate, 175 Okla. 389, 53 P. (2d) 215.

Thus it is seen that the burden is upon the proponent to show testamentary capacity, or, in other words, to produce such evidence as will create a presumption thereof. This is not in conflict with the holding of this court (In re Sixkiller's Estate, 168 Okla. 302, 32 P. [2d] 936) that the burden of proof in a contested will case "is upon the proponent to prove due execution and attestation of the will which may include testamentary capacity."

The decisions merely recognize the provisions of the statute, section 1099, supra, in holding, in effect, that the burden is upon the proponent to prove due execution and attestation and testamentary capacity in cases where the admission of the will to probate is protested.

The court, when dealing with the question of testamentary capacity in the case of In re Sixkiller's Estate, supra, said:

"A person has testamentary capacity when he has full and intelligent consciousness of the nature and effect of the act in which he is engaged; a knowledge of the property possessed, and an understanding of the disposition he wishes to make of it by will, and the persons and objects he desires to participate in his bounty."

That is merely a definition of some of the elements of testamentary capacity. We cannot agree with plaintiff's contention that the burden in a case of this character is upon the proponent of a will to establish all those elements. The burden is upon the contestant to show that some of the essential elements were wanting at the time of the execution of the will if the proponent offers a will apparently executed and attested in due form. The latter circumstance coupled with the legal presumption of soundness of mind establishes a prima facie case, and the burden is then upon the contestant, for, as said in the Elrod Case, above, "our statutes provide that the contestant shall be plaintiff, thereby throwing the burden of proof upon the contestant, or plaintiff, to establish their pleadings or charges by a preponderance of the evidence, and the burden of proof shifts onto them, as held by the court, when defendant establishes a prima facie case."

The plaintiffs contend, further, that the burden rests upon a proponent to show want of duress, menace, fraud, or undue influence practiced upon the testator in the execution of the will, the presence of any one of which may avoid the will as provided in section 1538, O. S. 1931. This contention

would seem to be supported by the decision in McCarty v. Weatherly, 85 Okla. 123, 204 P. 632, wherein the court held:

"The burden of proof rests upon the proponents of a will to prove, not only the due execution of the will as provided by law, but that the instrument was in fact the free and voluntary act and will of the testatrix."

That holding would apparently place the burden upon a proponent to negative the presence of the aforesaid elements, and it does require him to make a prima facie showing of the absence thereof. An examination of the evidence discloses that proponent sufficiently sustained that burden.

It is next contended that a proponent is required to make strict proof of the due execution and attestation of the will as required by section 1546, O. S. 1931. According to that section, a will must be subscribed by the testator in the presence of at least two attesting witnesses, or acknowledged by the testator to them to have been made by him or by his authority, and he must at the same time declare to the witnesses that the instrument is his will, and the witnesses must subscribe their respective names to the will at the request of the testator and in his presence. As said by the court in the case of In re Stover's Will, 104 Okla. 251, 231 P. 212:

"The burden of proof rests upon the proponent of a will to establish by a preponderance of the evidence that the will was executed and published according to the provisions of the statutes."

The weight of the evidence determines the issues in such cases (In re James' Estate, 131 Okla. 142, 268 P. 296) ; but when proponent has established a prima facie case. the burden is then placed upon the contestant to establish his grounds of contest, as stated in the Elrod Case.

It is the established rule that a substantial, and not strict, compliance with section 1546, supra, relating to subscribing, publishing, and attesting a will is sufficient. In re Bourassa's Estate, 171 Okla. 64, 41 P. (2d) 851 ; In re Davis' Estate, 171 Okla. 575, 43 P. (2d) 115.

From the evidence as revealed by the record in this appeal, we find that the defendants established a prima facie case as to the due execution and attestation of the will. The testimony of the subscribing witnesses is clearly to the effect that the testatrix came into the bank where they were employed, told them she had a will she wanted them to witness, that it was her will. She signed it in their presence and they affixed their signatures as witnesses thereto in the presence of the testatrix and in the presence of each other. Such procedure may well be termed a strict compliance with the aforesaid section 1546.

Due execution and attestation having been established, a presumption of testamentary capacity arose, thereby establishing a prima facie case as to that element until such presumption was overcome by the plaintiff; and this is true although the proponent produces no other evidence on that question. In re Elrod's Estate, supra. Here the defendant did produce some evidence, however, that the testatrix was apparently in normal condition at the time the will was executed.

The subscribing witnesses testified that no one was with testatrix when she came to the bank, or, at least, they saw no one, and that there was no indication that she was acting under duress, menace, fraud, or undue influence. This established a prima facie case on behalf of defendants on that question.

We find that the defendants established a prima facie case as to all the elements requisite to the proper probate of a valid will. The burden thereupon shifted to the plaintiffs to sustain their grounds of contest. This they failed to do. There is no evidence of improper execution, attestation, lack of mental capacity, or of duress, menace, fraud, or undue influence.

We find no merit in the contention that the evidence failed to show that the testatrix, an Osage Indian, could speak the English language sufficiently to make her desires known to the attesting witnesses.

It is further contended that the court erred in admitting testimony given in response to certain leading questions. Plaintiffs fail to show resulting prejudice to their cause by reason of such testimony. Neither do they cite authority in support of their position. The trial court may, within its judicial discretion, permit leading questions, and unless an abuse of discretion is shown, resulting in prejudice to the lawful rights of the complaining party, no reversible error is present. Huffman v. Huffman, 168 Okla. 39, 31 P. (2d) 576 ; Mashunkashey v. Brewer, 177 Okla. 253, 58 P. (2d) 564.

Plaintiffs complain of the action of the trial court in rejecting a certain proffered affidavit executed by a physician concerning the physical condition of the testatrix near the time of her death, and containing

certain statements insinuating mysterious causes of death. This was merely a voluntary ex parte affidavit, and not shown to fall within any of the exceptions to the rule against hearsay evidence. Conceding that the facts set out in the affidavit were material to the issues, an ex parte affidavit is not admissible as to controverted facts material to the issue (2 C. J. 373), unless such affidavit is authorized by statute. Watkins v. Grieser, 11 Okla. 302, 66 P. 332; Mitchell v. Dadas, 167 Okla. 390, 30 P. (2d) 179. Our statute permitting the use of affidavits as evidence for certain purposes (section 292, O. S. 1931) does not permit affidavits to be received in evidence on the merits of a cause, either for the consideration of the court or of the jury. Id., 167 Okla. 392, 30 P. (2d) 179. Such affidavits are purely hearsay, with no opportunity afforded the adverse party of cross-examination.

Plaintiffs question the action of the trial court in refusing to interpret the residuary clause of the will. That is a matter merely for consideration in connection with the devolution of the estate under the will and has no bearing upon the question of the validity thereof. The question is material only on distribution. There was no error in the court's action in this respect.

The judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, HURST, and DAVISON, JJ., concur. RILEY, PHELPS, and CORN, JJ., absent.